**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TAMARA WUERFFEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  14 C 3990 |
| | ) |
| COOK COUNTY SHERRIF'S OFFICE, et al. | )  Judge Charles P. Kocoras |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' motion for bill of costs in the amount of $5,425.60. For the reasons below, costs are awarded to Defendants in the amount of $5,425.60.

## STATEMENT

On September 25, 2019, this Court granted summary judgment against Plaintiff on all counts, rejecting political and gender discrimination as the reasons for Plaintiff's termination. The Court concluded that "[t]he record in this case is rife with evidence of Wuerffel's time theft, which Defendants were well within their means to investigate and address."

Defendants have now filed a bill of costs, seeking $5,425.60 in fees for printer or electronically recorded transcripts obtained for the case. Plaintiff objects to Defendants' costs, claiming that she cannot pay for them and these costs were

unnecessary. In the alternative, Plaintiff asks the Court to reduce the costs by $534.80, the amount which Defendants paid for copies of various court hearing transcripts.

Under Federal Rule of Civil Procedure 54(d)(1), the victor may recover: (i) fees of the clerk and marshal; (ii) fees for transcripts necessarily obtained for use in the case; (iii) printing and witness fees; (iv) fees for exemplification and the costs of making copies of any materials necessarily used in the case; (v) docket fees; and (vi) compensation of court appointed experts and interpreters. 28 U.S.C. §§ 1920 and 1928.

There exists a strong presumption under Rule 54(d)(1) that costs are awarded to the prevailing party. *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). But indigence is a narrow exception to that presumption, and "it is within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)." *Id.* (cleaned-up). The burden for overcoming the presumption through the indigence exception rests on the non-prevailing party. *Id.* at 636. To do so, the losing party must provide the district court with sufficient documentation showing it is "incapable of paying the court-imposed costs at this [time] or in the future." *Id.* at 635.

Such documentation includes evidence in an affidavit or other documentary evidence of both income and assets, and a schedule of expenses. *Id.* Once the losing party provides such documentation, the district court considers "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Id.*

2

Plaintiff claims indigence because she is a single mom and cannot find comparable employment due to Defendants' allegations against her. Defendants respond that Plaintiff has provided no evidence to support her claim of indigence. Defendants' note that Plaintiff worked at a law firm while the case was pending; she has provided no indication that such employment has ended; and that Plaintiff likely may receive a pension since she worked at the Sheriff's Office since 1988.

With no evidence to contravene Defendants' allegations, the Court finds their position compelling. Plaintiff has submitted no affidavit and schedule of expenses (or equivalent documentation) to demonstrate her indigence. The Court thus cannot make a threshold factual finding that she is indigent, and she has forfeited her indigence argument due to her failure to provide the requisite support for it. *See Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011).

Furthermore, the costs sought by Defendants were reasonably necessary. The fees the prevailing party may recover under Section 1920 of Title 28 of the United States Code include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." A prevailing party need only demonstrate that the transcripts are "reasonably necessary." *Williams v. Fico*, 2015 U.S. Dist. LEXIS 77269, at *14 (N.D. Ill. 2015) (citing *State of Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981)).

Defendants sought depositions of senior union officials disclosed by the Plaintiff. They submitted attendance fees for stenographers in accordance with the federal fee

3

schedule. They obtained exhibits and transcripts to ensure a complete and accurate record of sworn testimony. And they ordered transcripts in court appearances to ensure compliance with court-ordered discovery limitations. These costs are reasonable, they are presumptively valid, and they are billable as a matter of procedure.

## **CONCLUSION**

For the reasons mentioned above, Defendants are awarded costs in the amount of $5,425.60. It is so ordered.

Dated: 05/12/2020

Charles P. Kocoras
United States District Judge

4